**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **ARMOD RASHAD JAHMAL BOSWELL,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | **CIVIL ACTION NO. 2:18cv658-MHT (WO)** |
| **JOE SEDINGER, et al.,** | ) ) | |
| Respondents. | ) | |

**OPINION**

Pursuant to 28 U.S.C. § 2254, petitioner filed this habeas-corpus case challenging several convictions. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that petitioner's challenge to his conviction for third-degree burglary be denied because the petition was filed after expiration of the statute of limitations and that his challenge to his misdemeanor convictions for third-degree theft of property and obstructing governmental operations be dismissed for

lack of jurisdiction.*  There are no objections to the recommendation.

After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted to the extent it addresses petitioner's original convictions for the above-mentioned offenses.  However, the petition also arguably challenges a sentence petitioner received on June 8, 2017, for a probation revocation stemming from some of the original convictions.  *See* Amended Petition (Doc. 7) at 5.  The recommendation does not address this arguable claim.

In any case, the claim is procedurally defaulted and must be dismissed.  Before a § 2254 petitioner may obtain federal habeas-corpus review, he must exhaust his federal claims by raising them in the state courts, giving those courts an opportunity to decide the merits

---

\* The recommendation also notes the statute of limitations as an alternative ground for denying the petition as to these convictions.  *See* Recommendation (Doc. 20) at 8, n. 4.

2

of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate-review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review--that is, a petition for a writ of certiorari--filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust

3

state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). A habeas petitioner may overcome a procedural default by showing cause for the default and resulting prejudice. *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner did not exhaust available state-court remedies before filing his federal petition. He maintains that his lack of knowledge about his state-court remedies constitutes cause for his failure to exhaust. *See* Amended Petition (Doc. 7) at 5. However, a petitioner's ignorance of the State's procedures for appellate review does not establish cause for a procedural default. *See Smith v. Holt*, No. 3:05cv470-MHT, 2008 WL 1929905, at *20 (M.D. Ala. Apr.

4

29, 2008) (citing cases). As petitioner has not established cause for his failure to exhaust state-court remedies, his challenge to the revocation sentence is procedurally defaulted.

An appropriate judgment will be entered.

DONE, this the 15th day of June, 2021.

                                      /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**